CHARLES BRINN v. INDEPENDENT STEAMBOAT LINE ET AL.

(Filed 10 March, 1915. )

**Vendor and Purchaser—Possession of Purchaser—Payment Upon Condition —Libel—Other Liens—Title—Liability of Purchaser.**

A sale of a boat having been made upon agreement that the purchaser take immediate possession and the check for purchase price be retained in the hands of a third person until the seller had canceled of record a certain mortgage on the property: *Held,* the title to the boat passed to the purchaser upon his taking possession, and upon the cancellation of the mortgage the seller was entitled to the purchase price, notwithstanding the boat had been libeled in the meanwhile and a lien thereon for damages to its cargo, while in the purchaser's possession, had been established by judgment of the court.

APPEAL by defendant from *Peebles, J.,* at September Term, 1914, of CRAVEN.

*D. L. Ward for plaintiff.*
' *R. A. Nunn for defendant.*

CLARK, C. J.    On 27 December, 1912, the plaintiff Brinn sold a certain boat called the "H. L. N." for $300 to the defendant steamboat line, who took possession of the same. A bill of sale was drawn by Brinn and a check for $300 by the defendant and both were deposited with one Hardison to be held until the mortgages on the boat should be canceled, when the bill of sale should be recorded and the check delivered to Brinn. The mortgages were canceled 4 February, 1913, but the defendant com-

pany notified Hardison not to deliver said check nor to record said bill of sale and refused to pay the $300, to recover which this action was brought.

The defendant alleged and offered evidence that it bought the boat upon the express condition that it should be delivered·free from all encumbrances; that besides the mortgages which have been canceled, there was a lien on the machinery for $38 and another on the boat for $83, and that before the bill of sale was recorded the vessel was libeled for damages to its cargo, and that in the proceedings to enforce collection of such damages the holders of the above liens intervened and the boat was sold under the decree of the United States Circuit Court, and the proceeds of the sale were applied to such damages and these two small liens.

The plaintiff contends that as the damages to the cargo were sustained after the defendant took charge of the boat, no liability attaches to the plaintiff therefor. The defendant contends that title had not passed at the time and that the mortgages were not canceled when the vessel was libeled, and hence the plaintiff cannot recover.

The court being of opinion that as between the parties the title passed without recording the bill of sale upon the delivery of the boat, instructed the jury that if they believed the evidence there was a delivery of the boat to the defendant, and that when the mortgages were canceled on 4 February, 1913, Brinn became entitled to the check, and gave judgment that he should recover $300, with interest from that date. The court was evidently of the opinion that the two small liens for $38 and $83 above stated were not embraced in the agreement for the cancellation of the mortgages, or that the defendant, having taken possession of the vessel, was liable for such liens, or at most had a claim against the plaintiff for the amount of such encumbrances. In this there was

No error.